FILED
CLERK
5:09 pm, Aug 23, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

TERRAPIN BUSINESS FUNDING LLC,

                                          *Plaintiff*,

      -v-

STELLAR BEACH RENTALS, LLC, *et al.*,

                                          *Defendants*.

----------------------------------------------------------------------------X

**MEMORANDUM ORDER**

2:24-cv-2981 (JMW)

**A P P E A R A N C E S:**

    Bonnie R. Golub, Esq.
    **Weir Greenblatt Pierce LLP**
    667 Madison Avenue
    New York, NY 10065

        -and-

    Avi Faskowitz, Esq.
    **The Faskowitz Law Firm PLLC**
    6143 186th Street, Suite 207
    Fresh Meadows, NY 11365
    *Attorneys for Plaintiff*

    Jonathan E. Neuman, Esq.
    **Law Offices of Jonathan E. Neuman**
    176-25 Union Turnpike
    Fresh Meadows, NY 11366
    *Attorney for Defendants*

**WICKS**, Magistrate Judge:

    Federal courts are obligated to examine whether the court in fact has subject matter jurisdiction over actions pending before it. This diversity action arrived here upon Defendants' timely filing of a Notice of Removal (ECF No. 1), with the case having originally hailed from Supreme Court, Nassau County. The Complaint, which seeks $2.8 million dollars, alleges two

Counts, namely, breach of contract and a claim for joint liability of the Guarantor. The issue of subject matter jurisdiction arose when, upon examination of the pleadings and Notice of Removal, citizenship was not clear as to the thirty-seven (37) named Limited Liability Corporations ("LLCs"). Accordingly, the undersigned issued an order directing Defendants – who invoked the jurisdiction of this Court – to identify the members of the LLCs in order to determine if the Court has jurisdiction. (*See* Electronic Order dated April 25, 2024.) Before the court at this time is Plaintiff's Motion for a Protective Order to have the Court examine the LLC members' information in-camera, or alternatively, filed under seal. For the reasons that follow, Plaintiff's application is **DENIED**.

## THE LEGAL FRAMEWORK

It is axiomatic that federal courts are of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts generally entertain cases falling into two categories, namely, cases involving a federal question, 28 U.S.C. § 1131, and cases where parties are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1132. Further, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (internal citations omitted). Where, as here, an action is removed to federal court based on diversity of citizenship jurisdiction, complete diversity must exist, meaning that all plaintiffs must be citizens of states diverse from those of all defendants. *Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 11718 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)).

Here, there is one Plaintiff, an LLC, and thirty-seven (37) LLC Defendants, as well as one corporation and one individual. At issue is the identity of the citizenship of the Plaintiff LLC to determine whether subject matter jurisdiction exists. Plaintiff concedes diversity exists but seeks not to publicly reveal the identity of its members.

"For diversity purposes, LLCs have the imputed citizenship of each of their members." *136-61 Roosevelt LLC v. Starbucks Corp.*, 2021 WL 2779287, at *1 (E.D.N.Y. July 2, 2021) (citation omitted). And "the party seeking to invoke the court's diversity jurisdiction must identify both the LLC's members and their citizenship." *Am. Empire Surplus Lines Inc. Co. v. Clearview SM, Inc.*, 2021 WL 3206930, at *1 (E.D.N.Y. July 29, 2021) (citation omitted). "If any of an LLC's members are themselves non-corporate entities, then a party must allege the identity and citizenship of their members, proceeding up the chain of ownership until the party has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *Id.*; *see also United States Liability Insurance Company v. M Remodeling Corp*., 444 F. Supp. 3d 408, 409- 10 (E.D.N.Y. 2020); *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D.N.Y. May 2, 2007); *see generally Americold Realty Trust v. Conagra Foods, Inc*., 577 U.S. 378, 381 (2016) (citizenship is determined by citizenship of constituent members).

Here, neither the face of the Complaint nor the Notice of Removal shed any light as to the citizenship of any of the LLCs' members. Plaintiff admits diversity in its motion (*see* ECF No. 11-1 at 6). However, an allegation regarding diversity of citizenship "…does not extinguish the Court's responsibility to determine….whether subject matter jurisdiction exists." *See generally Oved v. Weiner*, 2017 WL 6542468, *5 (E.D.N.Y. December 21, 2017); *see also Ocean Units LLC v. Illinois Union Ins. Co.*, 528 F. Supp. 3d 99, 101 (E.D.N.Y. 2021) (court must address the issue of subject matter jurisdiction *sua sponte*). Indeed, Federal Rule of Civil Procedure 7.1(a)(2)

(as amended in 2022) mandates that in actions predicated on diversity like this, a party "must, unless the court orders otherwise, file a disclosure statement" when the action is removed. Fed. R. Civ. P. 7.1(a)(2); *see generally Union Mutual First Ins. Co. v. Morningstar Richmond LLC*, 2023 WL 8003333, *3 (E.D.N.Y. November 17, 2023) (quoting Fed. R. Civ. P. 7.1(a)(2)) ("[T]he recently enacted Fed. R. Civ. P. 7.1(a)(2) requires that '[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a),' a party 'must, unless the court orders otherwise, file a disclosure statement' which 'must name[,] and identify the citizenship of[,] every individual or entity whose citizenship is attributed to that party or intervenor when the action is filed in or removed to federal court.'")

That rule also existed in the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York at Rule 26.1 until June 1, 2024.[1] The amended Rule, according to the 2022 Advisory Committee Notes, "is designed to facilitate an early and accurate determination of jurisdiction." That same Advisory Committee notes that with LLCs and other entities, "disclosure in necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship. Disclosure is required by a plaintiff as well as all other parties and intervenors." Plaintiff contends – and the Court agrees – that Rule 7.1 affords discretion to the courts to dispense with the public filing of a disclosure statement, since the Rule includes the language "unless the court orders otherwise." That discretion, however, is not unbridled. Rather, in order for a court to

---

[1] That Local Rule has since been withdrawn. The 2024 Committee Note to 26.1 notes that in light of amended Fed. R. Civ. P. 7.1 requiring parties in a diversity case to identify the citizenship of every = individual or entity whose citizenship is attributed to that party, the Local Civil Rule 26.1 was superfluous and no longer necessary. Local Rule 7.1.1 does however specify that for purposes of Fed. R. Civ. P. 7.1(b)(2), "promptly" means within 14 days.

dispense with the public filing of identities or order the filing under seal, the court must undertake an analysis whether the documents should be sealed or shielded from public view.

The Second Circuit has established a three-part analysis for determining whether documents relating to a lawsuit should be sealed. *See King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-cv-5540, 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010) (internal quotation marks and citation omitted); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 124 (2d Cir. 2006). Courts must first determine whether the documents are judicial documents, "to which the public has a presumptive right of access." *King Pharm., Inc.*, 2010 WL 3924689, at *4 (citation omitted). A judicial document is not simply a document filed with the court, but one that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks and citation omitted). A document is "relevant to the performance of the judicial function if it would reasonably have a tendency to influence a district court's ruling on a motion . . . without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *See Brown v. Maxwell*, No. 16-cv-3945, 2019 WL 2814839, at *4–5 (2d Cir. July 3, 2019) (internal quotation marks and citation omitted) (emphasis in original). If the documents are judicial documents, the court must next determine the weight of the public's presumptive right of access. *King Pharm., Inc.*, 2010 WL 3924689, at *4 (citation omitted). Finally, the court must balance competing considerations against the presumptive right to access, including "the danger of impairing judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (citation omitted). In so doing, courts must be cognizant that "the presumption of public access to court documents has the potential to exacerbate . . . harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record." *See Brown*, 2019 WL 2814839, at *3.

The question of whether documents should sealed from public view is ultimately left to the sound discretion of the district court, which should "be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (citations omitted). In analyzing privacy interests as a competing consideration against the presumptive right to access, this Circuit has clearly enunciated "that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995).

The issue presented here is strikingly similar to that facing Judge Lawrence J. Vilardo earlier this year in a case involving Wahlburgers I LLC ("Wahlburgers"), where Wahlburgers moved to file its Rule 7.1 Disclosure Statement under seal. *See Mayer v. Patriot Pickle Inc.*, 2024 WL 162881 (W.D.N.Y. Jan. 16, 2024). Like here, that case was removed from state court. Upon removal, Wahlburgers moved for sealing. Judge Vilardo denied the application, without prejudice, determining that Wahlburgers had not provided sufficient detail of the alleged affected "privacy interests." *Id*. at *4. At the outset, the *Mayer* decision concluded, to which this Court agrees – that the Rule 7.1 Disclosure Statement is in fact a "judicial document" for which there is a "presumptive common law right of access." *Id.*

Here, Plaintiff offers the following reasons for sealing the identity of the Plaintiff's members names:

> Plaintiff's reasons for not wanting full disclosure of the identities of the third tier LLC members (*i.e.,* names) are, among other things: (1) The inclusion of "referral" partners in the grouping who will not "refer" other business opportunities in effect causing direct harm to Plaintiff's business; (2) Irreparable concerns of other third parties (i.e., employees not given equity stake in Plaintiff); and (3) Refusal of members to contribute private equity to fund further acquisitions thus creating uncertainty and possible degradation in Plaintiff's business and business.

6

(ECF No. 11-1 at 9). Notably, there is no supporting declaration or affidavit or other evidence in support of the conclusions set forth in Plaintiff's memorandum of law.[2] As the *Mayer* court aptly observed:

> Courts in the Second Circuit have found such conclusory statements insufficient to justify sealing. *See, e.g.*, *Midwest Athletics & Sports All. LLC v. Xerox Corp.*, 2022 WL 2533324, at *1-2 (W.D.N.Y. July 7, 2022) (finding statements that documents contained "confidential business information" and "conclusory assertions" that disclosure could cause "competitive harm" insufficient to justify sealing). And while courts in this circuit have not specifically addressed the sealing of Rule 7.1 statements, other courts have denied motions to seal such statements under circumstances similar to those here. *See Wilkins v. Tory Burch*, *LLC,* 2023 WL 3600084, at *2 (E.D. Mo. May 23, 2023) (denying motion to seal disclosure statement when a defendant "asserted that [the identity of its members was] sensitive information [and] ... that public disclosure of its members' information could harm its business" but "fail[ed] ... to explain why"); *Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, 2023 WL 2435806, at *1-2 (M.D. Fla. Feb. 16, 2023) (finding that plaintiffs' assertion that sealing was needed to protect "the privacy interests of the members," without more, "d[id] not overcome the presumption of public access"); *Driver Opportunity Partners*, 2023 WL 4711158, at *3 ("Merely asserting a privacy interest without further explanation is hardly the equivalent of articulating a substantial privacy interest in the members' identities."); *Darton Archery, LLC v. Bowtech, LLC*, 2023 WL 2755760, at *1 (D. Del. Apr. 3, 2023) (denying motion to seal corporate disclosure statement because defendants failed to explain how the "business interests [of a limited partnership] could suffer harm by the public disclosure of the identity and citizenship of its owners" and noting that "[i]n any event, the public disclosure that an individual has an ownership interest in an entity created by a state cannot be said to constitute a clearly defined and serious injury").

*Mayer*, 2024 WL 162881 at *4.

Although Plaintiff articulates reasons beyond mere "privacy interests," the conclusory statements are insufficient to justify shielding the identities of the members of the Plaintiff LLC

---

[2] Statements made in briefs or memoranda of law are not evidence. *See, e.g.*, *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."); *Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003) (a memorandum of law "is not evidence at all"); *EQ Transp., Inc. v. TNT Transp., Inc.,* No. 04-CV-5711 ILG, 2005 WL 1492379, at *3 (E.D.N.Y. June 24, 2005) (quoting *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1456 (2d Cir.1995)) ("defendants cannot raise disputed issues of fact through 'mere conclusory allegations or denials in legal memoranda' because they 'are not evidence.'").

from the public. Accordingly, Plaintiff's application is denied, without prejudice to renew consistent with the reason of this Order.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for a Protective Order (ECF No. 11) to either submit the members' identities in camera or to seal, is **DENIED** without prejudice.

Dated: Central Islip, New York
August 23, 2024

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge